ALLEN, J., concurring in result: HOKE, J., concurring in the opinion of ALLEN, J.; WALKER, J., concurring in both these opinions; CLARK, C. J., dissenting.
This case was before this Court at a former term, and is reported in157 N.C. 194. We refer to that report for a statement of the controversy.
(186) In an elaborate opinion, Mr. Justice Allen passed upon every question involved and, in concluding his thorough review of the case, said: "When a member submits his claim to the committee, he is entitled to a hearing, and is not concluded by its action if it isfraudulent or oppressive, of which the facts on this record furnish no evidence." The opinion clearly holds that there must be other evidence of fraud and oppression than the mere fact that the advisory committee heard plaintiff's appeal in his absence.
When this case was sent back for another trial, plaintiff was allowed to file an amended complaint, charging: "That the pretended hearing and trial before the advisory committee on the plaintiff's appeal conducted by the agents and servants of the defendant company and the officers and agents of the said relief department was a farce and a fraud on the rights of the plaintiff, and was conducted with an unlawful and fraudulent desire, scheme, and purpose to deprive the plaintiff of his just rights under his aforesaid contract, policy, or certificate of membership. And the decision of said advisory committee in hearing said appeal was and is fraudulent, void, and of no effect."
Upon this amendment, the court submitted this particular issue, among many others: "Was the decision and ruling of the advisory committee in plaintiff's appeal, which confirmed the ruling of the superintendent discontinuing the plaintiff's benefits under his certificate, fraudulent and in violation of plaintiff's rights? Answer: Yes."
We have examined this record with care, and find the evidence in all respects substantially the same as on the former trial, and we must therefore adhere to our former ruling that there is no evidence that the advisory board acted fraudulently or oppressively in passing on plaintiff's appeal.
There is not a scintilla of evidence that the plaintiff's appeal was not considered fully and fairly by the advisory committee or that the ten members of the committee, six of whom were selected by the employees themselves, were hostile personally to the plaintiff, or were actuated by any ill-will towards him.
All the evidence shows that the superintendent, Dr. Thomas, mailed plaintiff a letter, of which the following is a copy:
WILMINGTON, N.C. 26 October, 1905.
MR. W. C. NELSON, Bethel, N.C.
DEAR SIR: — This is to advise you that the next meeting of the advisory committee of this department will be held on the 4th day of *Page 225 
November, and that if you have any additional affidavits you wish to have presented to that meeting, you should forward them at once. You will not be expected to appear in person.
Yours very truly, G. G. THOMAS.
The deposit of this letter in the postoffice raises a presumption (187) that the plaintiff received it. Trust Co. v. Bank, 166 N.C. 112. There seems to be nothing to rebut such presumption. Bragaw v. Lodge,124 N.C. 154. Plaintiff does not on cross-examination really deny receiving this letter, for he said: "I won't say whether I received this letter; I don't know."
Assuming, however, that the presumption that the letter was received has been rebutted, or there is evidence to justify a finding that the plaintiff would have been present at the hearing in November, there is no evidence, as pointed out in Justice Allen's opinion on the other appeal, that he was deprived of such opportunity by any fraud or oppression upon the part of Dr. Thomas or any other agent of defendant company.
Yet it is a most significant and admitted fact that, as requested by Dr. Thomas in the above letter, plaintiff's attorney forwarded to him for the advisory committee on 30 October, 1905, four days after date of the Thomas letter, additional affidavits, with a letter reading as follows:
BETHEL, N.C. 30 October, 1905.
DR. G. G. THOMAS. Wilmington, N.C.
DEAR SIR: — I am inclosing you affidavits of Dr. F. C. James, M. O. Blount, and W. J. James as to W. C. Nelson's physical condition. Trust that you will, or you and the committee will reinstate him to his benefits so as to prevent legal proceedings, as will have to be resorted to if the department continues to act as it is at present.
If the committee should reject or disallow Mr. Nelson's benefits, then please return papers and affidavits filed in said matter.
Yours truly, JULIUS BROWN.
It is manifest from this letter that the plaintiff claimed no right, and manifested no purpose to be present before the committee on 4 November. According to the rules and regulations, those hearings on appeal were had upon affidavits, and there is no evidence whatever that plaintiff's affidavits were not weighed and considered by the committee.
Assuming for argument's sake that the plaintiff had a right, under the rules and regulations of the association (which is by no means manifest) to be present when his appeal was heard, the letter from his attorney is a manifest waiver of such right, and the committee had good reason *Page 226 
to assume, when such letter and accompanying affidavits were laid before them, that plaintiff had no intention of being present.
There being no evidence of fraud or oppression, as heretofore held by us, upon the part of the advisory committee, we must adhere to what is so well said by Mr. Justice Allen in this case: "We will not quote (188) further from the cases cited, and there are others to the same effect, but they sustain fully the contention of the defendant, that it was the duty of the plaintiff to seek redress inside the department, and that the decision of the advisory committee upon his appeal is conclusive upon him. The doctrine seems to us to be reasonable and just, and necessary to the maintenance, in benefit societies and fraternal orders, of provisions conferring benefits on sick or disabled members."
The motion to nonsuit is allowed.
Reversed.